# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| KYLE FRASIER, *individually and on behalf of all others similarly situated*, | § § § |
| Plaintiff, | § § |
| vs. | § § |
| RITCHESON, LAUFFER & VINCENT, A PROFESSIONAL CORPORATION, and DOES 1-25, | § § § § § |
| Defendants. | § § |

Civil Action No. _____

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Kyle Frasier ("Frasier"), individually and on behalf of all others similarly situated, by way of his complaint against Defendants, Ritcheson, Lauffer & Vincent, A Professional Corporation ("RLV"), and DOES 1-25 ("DOES") (collectively "Defendants"), states:

### I. NATURE OF THE ACTION

1. Plaintiff brings this class action complaint against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. The FDCPA regulates the behavior of collection agencies who attempt to collect debts asserted to be owed or due another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices

by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: making false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

5. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to

collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

6. Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other equitable or legal relief this Court deems appropriate under the FDCPA, and other common law or statutory regimes.

## II.  PARTIES

7. Frasier is a natural person.

8. At all relevant times, Frasier was a citizen of, and resided in, Smith County, Texas.

9. RLV is a for-profit professional corporation organized under Texas law.

10. RLV maintains its principal place of business at Two American Center, 821 E Southeast Loop 323, Suite 530, Tyler, Texas 75701.

11. DOES 1-25 are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

12. DOES 1-25 are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw RLV's violative policies and procedures that are the subject of this Complaint. DOES 1-25 personally control, and are engaged in, the illegal acts, policies, and practices used by RLV and, thus, are personally liable for all wrongdoing alleged in this Complaint.

### III. JURISDICTION AND VENUE

13. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

14. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the named Defendant regularly transacts business within this federal judicial district and, therefore, reside in this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV. FACTUAL ALLEGATIONS

15. RLV regularly engages in the collection of defaulted consumer debts owed to others.

16. RLV uses the mails, the telephone, the internet, and other means of interstate commerce to collect defaulted consumer debts.

17. RLV also brings actions in Texas courts and files claims in federal bankruptcy courts to collect on defaulted consumer debts.

18. Frasier obtained a personal loan from Cooperative Teachers Credit Union to pay various bills incurred for personal, family, and household purposes.

19. On or before August 15, 2023, the loan's owner, either directly or through intermediate transactions, assigned, placed, or transferred the loan ("Debt") to RLV for collection.

20. RLV contends the Debt is in default.

21. RLV sent a letter to Frasier dated August 15, 2023 ("Letter") by regular

and certified mail. A true copy of the Letter is attached hereto as *Exhibit A*.

22. RLV sent the Letter to Frasier in an attempt to collect the Debt.

23. The Letter is the first communication RLV sent to Frasier regarding the Debt.

24. The Letter stated that Frasier could cure the breach by a date certain.

25. Rather than state the date by which Frasier could cure the alleged breach, RSV provided misleading and deceptive instructions as to how to determine the cure deadline:

> Failure to pay the installments as they come due constitutes a breach under the Loan. You may cure this breach by paying the installments and other charges described above on or before 5:00 p.m., Central Time, on the 30th day after the date this letter is received by you. **If the certified letter is returned to us by the post office, it will be presumed that you received the letter three (3) days following the date shown above and the deadline given will be calculated accordingly.** If you fail to cure the breach on or before said date and time, the maturity of the Loan <u>will</u> be accelerated and its entire unpaid principal balance will become immediately due and payable. In addition, my client may seek to collect all expenses incurred in pursuing its remedies, including, but not limited to, reasonable attorneys' fees. (Emphasis in the original.)

26. The quoted language would be confusing to the unsophisticated or least sophisticated consumer because they would be unable to discern how long RSV was giving them to cure the alleged breach.

27. Frasier was unable to tell from the quoted language what the deadline was to cure the alleged breach.

28. Frasier was deprived of non-misleading information in the course of RLV's attempt to collect the Debt.

## V.    CLASS ALLEGATIONS

29. Frasier brings this action individually and as a class action on behalf of all

other persons similarly situated pursuant to Fed. R. Civ. P. 23.

30. Frasier defines the Class to include:

> All natural persons with a Texas address to whom Ritcheson, Lauffer & Vincent, P.C., or its predecessor in interest, caused a letter in the form of *Exhibit A* to be sent, during the class period beginning [one year before the filing of this Complaint] and ending [21 days after the filing of this Complaint.

31. Excluded from the Class is any person who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) obtained a discharge in bankruptcy, (c) commenced an action in any court against Defendants alleging a violation of the FDCPA, or (d) signed a general release of claims against RLV. Also excluded from the Class is Plaintiff's counsel or any employee or family member of his counsel.

32. Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class and Claims, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

33. Each Class member's identity is ascertainable from RLV's business records.

34. This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

    34.01. *Numerosity*. The Class members are so numerous and

        geographically disbursed that joinder is impractical because there are more than 40 such Class members.

    34.02.   *Commonality*. Common questions of law and fact exist as to all Class members, the principal issues being: whether RSVs' conduct, as alleged above, was the same or substantially similar with respect to Class members; and whether such conduct violated the FDCPA.

    34.03.   *Typicality*. Frasier's claims are typical of the Class members' claims because the claims arise from Defendant's standardized course of conduct as set forth above in the *Factual Allegations*.

    34.04.   *Adequacy*. Frasier will fairly and adequately protect Class members' interests because his interests are not averse to their interests, and he is committed to vigorously litigating this matter. Frasier has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

35.    This action may also be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to the Class members predominate over questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36.    The individual joinder of all Class members is impracticable, class action treatment will permit a large number of similarly situated persons to efficiently prosecute their common claims in a single forum without the unnecessary duplication

of effort and expense that arise in individual actions, and management of this action as a class action is unlikely to be difficulty. Numerous FDCPA class actions based on violative letters have been certified in this Circuit and around the country.

## VI. COUNT ONE: VIOLATION OF THE FDCPA

37. The Factual Allegations are incorporated by reference.

38. RSV is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

39. The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

40. Frasier is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

41. *Exhibit A* is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

42. RLV's sending written communications in the form of *Exhibit A* violated the FDCPA by

   42.01. Using false, deceptive, and misleading representations and means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

   42.02. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

   42.03. Using false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

   42.04. Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f; and

43. RLV's illegal conduct invaded Frasier's rights, which are protected by the FDCPA, the invasion of which caused an injury-in-fact.

## VII.   PRAYER FOR RELIEF.

44. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendant, as follows:

    44.01. Certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23, including defining the claims of the Class and appointing Plaintiff to represent the Class and his attorneys as Class counsel;

    44.02. Awarding Plaintiff and the Class members statutory damages under 15 U.S.C. § 1692k(a)(2)(B);

    44.03. Awarding Plaintiff an incentive payment for his services to the Class;

    44.04. Adjudging this action is a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses; and

    44.05. Ordering such other and further relief the Court determines is just and proper.

## VIII.   JURY DEMAND.

45. Demand is hereby made for trial by jury.

    *s/ Andrew T. Thomasson*
Andrew T. Thomasson (NJ Bar No. 048362011)
Francis R. Greene (IL Bar No. 6272313)
THOMASSON PLLC
16414 San Pedro Avenue, Suite 700
San Antonio, TX 78232-2272
Telephone: (973) 312-0774
Facsimile:  (973) 559-5779
Email: Andrew@Thomassonpllc.com
Email: Francis@Thomassonpllc.com

*Attorneys for Plaintiff, Kyle Frasier*